# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBORAH M. CHRISAWN,
                    Appellant,

                    v.

SOCIAL SECURITY
        ADMINISTRATION,
                    Agency.

DOCKET NUMBER
DC-0752-14-0550-I-1

DATE: July 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patrice Davis, Anderson, South Carolina, for the appellant.

Jessica V. Johnson and Megan P. Cleary, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed its decision to demote the appellant for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the agency's petition for review, REVERSE the initial decision IN PART, and SUSTAIN the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency's demotion action.  We AFFIRM the initial decision's finding that the appellant failed to prove her affirmative defenses.

## BACKGROUND

¶2        The appellant was employed as a GS-11 Claims Representative until the agency demoted her to a GS-08 Service Representative for unacceptable performance in two of the four critical elements of her position.  Initial Appeal File (IAF), Tab 6 at 51-76.  The agency placed the appellant on a performance assistance plan (PAP) from December 3, 2012, to January 2, 2013, and on an opportunity to perform successfully (OPS) plan from January 28, 2013, to May 28, 2013.[2]  IAF, Tab 8 at 58-63, 69-73.  After determining that the appellant's performance remained unsatisfactory, the agency issued her a notice of proposed performance-based demotion on August 23, 2013, and then demoted her, effective March 2, 2014.  IAF, Tab 6 at 51-76.

¶3        The appellant timely appealed her demotion to the Board and argued that the agency committed harmful procedural error in violating the terms of the applicable collective bargaining agreement by not setting specific goals for her to achieve and by not following proper procedures during the PAP and OPS periods. IAF, Tab 1 at 4.  She also raised the affirmative defenses of disability discrimination[3] and retaliation for prior equal employment opportunity activity. *Id.*  After the appellant withdrew her request for a hearing, the administrative judge issued an initial decision based on the written record, reversing the demotion action.  IAF, Tab 29, Initial Decision (ID); IAF, Tab 22 at 15.  The administrative judge found, among other things, that the agency failed to establish

---

[2] The agency's performance management system involves first placing a poorly performing employee on a 30-day PAP and, if the employee's performance does not improve, then placing the employee on an OPS plan for a period of 120 days.  IAF, Tab 8 at 128-29.

[3] The appellant, who was represented, also asserted, but withdrew, claims of discrimination based on her race and sex.  IAF, Tab 1 at 4, Tab 23 at 7.

that it afforded the appellant a reasonable opportunity to improve her performance and ordered the agency to cancel the demotion, restore the appellant to her Claims Representative position with back pay, and provide her interim relief, if either party filed a petition for review of the initial decision. ID at 5-15, 25-26. The administrative judge further found that the appellant failed to prove her affirmative defenses. ID at 15-24.

¶4 The agency has filed a petition for review in which it asserts that the administrative judge erred in finding that the appellant was not afforded a reasonable opportunity to improve her performance.[4] Petition for Review (PFR) File, Tab 2. Specifically, the agency asserts that the administrative judge erred in relying exclusively on the PAP period and failed to consider any of the evidence regarding assistance the agency provided to the appellant during the subsequent OPS period. PFR File, Tab 2 at 20-26. The appellant has not challenged the administrative judge's findings that she failed to prove her affirmative defenses and has not responded to the agency's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 In a performance-based action taken under chapter 43, an agency must establish by substantial evidence[5] that: (1) the Office of Personnel Management

---

[4] With its petition for review, the agency submitted declarations made under penalty of perjury from two Human Resources Specialists, asserting that the agency attempted to comply with the interim relief order and restore the appellant to her Claims Representative position, but that the appellant filed for disability retirement on August 27, 2013, voluntarily retired effective May 2, 2014, and subsequently informed the agency that she was unsure if she was physically able to return to work because she would need clearance from her doctor. Petition for Review File, Tab 2 at 6-7, 31, 33-34. The appellant has not raised any issues of noncompliance with the interim relief order and thus we need not discuss this issue further. *See* 5 C.F.R. § 1201.116.

[5] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.56(c)(1).

(OPM) approved its performance appraisal system[6]; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013). The administrative judge found that the agency met its burden as to the first three criteria because the appellant did not dispute OPM's approval of the agency's performance appraisal system, did not dispute that the agency gave her notice of the standards applicable to her performance, and did not contend that the agency's standards were impossible or unreasonable. ID at 3-5.

¶6    We discern no reason to disturb the administrative judge's findings in these regards.[7]    *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). However, as set forth below, we find that the administrative judge erred in finding that the appellant was not afforded a reasonable opportunity to improve her performance.[8] We further find

---

[6] The agency has the burden of proving that OPM has approved its performance appraisal system if the appellant specifically raises such a challenge. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 11 n.2 (2010).

[7] Because the appellant has not filed a cross petition for review challenging the administrative judge's findings regarding her affirmative defenses and because we discern no basis to disturb the administrative judge's findings, we will not discuss those matters further.

[8] The factual record regarding the appellant's purported poor performance and whether the agency afforded her a reasonable opportunity to improve is fully developed. Because the appellant withdrew her request for a hearing and a hearing was not held, we can address these matters now without remanding this appeal to the administrative judge to further develop the record and make factual findings after considering the

that the agency established that the appellant's performance in the critical elements of participation and achieves business results remained unacceptable during the OPS period.

The agency afforded the appellant a reasonable opportunity to improve her performance during the OPS period.

¶7    OPM's regulations governing performance-based actions taken pursuant to 5 U.S.C. § 4303 state that "[a]s part of the employee's opportunity to demonstrate acceptable performance, the agency shall offer assistance to the employee in improving unacceptable performance." 5 C.F.R. § 432.104. Although there is no mechanical requirement regarding the form of this assistance, in determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time which is sufficient to enable the employee to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 32 (2010); *Gjersvold v. Department of the Treasury*, 68 M.S.P.R. 331, 336 (1995).

¶8    The administrative judge found that the appellant was not afforded a reasonable opportunity to improve during the PAP because neither the appellant nor her mentor received a reduction in workload to permit adequate time for training. ID at 14-15. The administrative judge further found that, instead, the appellant's workload during the PAP was increasing and, thus, her tasks of simultaneously training and eliminating a backlog of cases were impossible. ID at 15. While we agree with the administrative judge that the record supports a finding that the appellant was not afforded a reasonable opportunity to improve

credibility of the witnesses during their hearing testimony. *See Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 8 (2009) (finding that remand to further develop the record and make demeanor-based credibility determinations was unnecessary where the appellant did not request a hearing).

during the PAP from December 3, 2012, to January 2, 2013, the administrative judge failed to consider the agency's evidence regarding training and other assistance it provided to the appellant during the OPS period from January 28, 2013, to May 28, 2013. *See id.* Specifically, the administrative judge stated that the record is "devoid of sufficient evidence to determine whether the training given [to the appellant] was actually a reasonable opportunity to demonstrate adequate performance." *Id.* As discussed below, we believe this finding is not supported by the record.

¶9      The OPS plan states that, during the 120-day period, the agency would, among other things, reduce the appellant's interviewing schedule and assign her a new mentor who would meet with her every week at a regularly scheduled time to review her pending claims and action lists as well as provide weekly written reports to the appellant's supervisors regarding the claims that were reviewed. IAF, Tab 8 at 61. The record supports the conclusion that the agency provided this promised assistance.

¶10      To allow time for training and to address the case backlog, during the OPS period both the appellant and her mentor were removed from telephone duties and walk-in duties during the week, were not required to take replacement claims, and the appellant was given only three appointments per day. IAF, Tab 7 at 8, Tab 8 at 57. In addition, Wednesdays were established as "quiet days." They also were permitted access to a private room where they could work together. IAF, Tab 7 at 8. The appellant's mentor submitted a final assessment of the appellant's performance in which he details the assistance provided to the appellant during the OPS period. *Id.* at 6-12. This included, among other things, offering one-on-one training and daily or weekly discussions regarding workload, reviewing all cases assigned to the appellant and providing her with review sheets identifying and explaining errors, and creating tools to address her interviewing skills, including a checklist to help her identify needed information. *Id.* at 7-8. The record includes copies of the numerous review sheets which detail mistakes

the appellant made as well as other feedback provided by her mentor.  IAF, Tab 6 at 77-105.

¶11      Thus, we find that, during the 120-day OPS period, the agency assigned the appellant a mentor who reviewed her cases, provided her with detailed feedback, and held daily or weekly meetings with her to address her performance issues. The agency also reduced the appellant's and her mentor's workload to afford them sufficient time to address the appellant's performance deficiencies.  This degree of assistance is greater than that which the Board has found sufficient to meet an agency's obligation.  *See Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 208-09 (1997) (finding that the agency afforded the appellant a reasonable opportunity to improve where it gave her a detailed performance improvement plan (PIP) letter and abundant written feedback during the PIP, and her supervisor made herself available to provide assistance but the appellant did not request further assistance).  Accordingly, we find that the agency proffered substantial evidence that it afforded the appellant a reasonable opportunity to improve.  *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 20 (2013) (finding that the agency afforded the appellant a reasonable opportunity to improve where it met with the appellant in person, as well as provided written and oral guidance).

The agency established that the appellant's performance was unacceptable.

¶12      An agency's burden of providing substantial evidence of an appellant's unacceptable performance can be met largely by submissions of documentation through the charges and the appellant's working papers.  *See Fernand v. Department of the Treasury*, 100 M.S.P.R. 259, ¶ 10 (2005), *aff'd*, 210 F. App'x 992 (Fed. Cir. 2006); *see also Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 12 (2002).  Here, the agency's proposal notice specifically identifies instances during the OPS period in which the appellant's performance was unacceptable in the critical elements of participation and achieves business

results.  IAF, Tab 6 at 58-76.  Numerous emails from the appellant's mentor to the appellant's supervisor during the OPS period corroborate her unacceptable performance in these elements.  *See* IAF, Tab 7 at 4-56, Tab 8 at 4-57.  For example, the appellant's mentor identified the appellant's failure to timely process claims, noted that her trouble assessing and analyzing claims resulted in repeated errors, and that, despite the mentor's assistance, he had "not noticed an improvement at all in the majority of the work given to [him] for review."  IAF, Tab 7 at 10-11, 17, Tab 8 at 4-5, 8-11.  Thus, we find that the agency established that the appellant's performance in the critical elements of participation and achieves business results remained unacceptable during the OPS period.  Accordingly, we sustain the agency's demotion action.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.